IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL STEPHEN LEE,              §
                                  §
                    Plaintiff,    §
                                  §
VS.                               §
                                  §  Civil Action No. 3:04-CV-2260-D
                                  §
TYCO ELECTRONICS POWER            §
SYSTEMS, INC.,                    §
                                  §
                    Defendant.    §

MEMORANDUM OPINION
AND ORDER

This action presents the questions whether plaintiff Michael Stephen Lee's ("Lee's") state-law breach of contract claim against defendant Tyco Electronics Power Systems, Inc. ("Power Systems") for failing to pay him full retirement benefits following the termination of his employment is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and whether he is entitled to recover under ERISA against Power Systems. Concluding that the claim is preempted and that Lee cannot recover from Power Systems under ERISA, the court grants summary judgment dismissing the case.

I

The court assumes the parties' familiarity with its opinion that addressed Power Systems' motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Lee v. Tyco Elecs. Power Sys., Inc.*, 393

F.Supp.2d 429 (N.D. Tex. 2005) (Fitzwater, J.) ("*Lee I*").[1]  In 2000

Power Systems acquired from Lucent Techologies, Inc. ("Lucent") a

facility in Mesquite, Texas and assumed the obligations of the

collective bargaining agreement ("CBA") that had been in effect

between Lucent and the Communications Workers of America ("CWA").

Power Systems employed Lee at the Mesquite facility, where he was

a CWA member.   In 2001, following negotiations with CWA, Power

Systems adopted the Tyco Electronics Pension Plan for Represented

Employees (the "Plan").   The Plan governed the retirement benefits

of Power Systems' bargaining unit employees.   Under the Plan, a

retiring employee was entitled to full pension benefits when he

obtained 30 years of service.   An employee was entitled to reduced

pension benefits if he completed 25 years of service and was at

least age 50.   The Plan included an extended compensation option

("ECO") that permitted employees to accrue additional service time

under certain circumstances.   The decision to place an employee in

---

[1]In *Lee I* the court decided a Rule 12(b)(6) motion and
therefore accepted as true the well-pleaded facts alleged in Lee's
complaint and viewed them in the light most favorable to him.  *See
Lee I*, 393 F.Supp.2d at 430 n.2 (citing *Capital Parks, Inc. v. Se.
Adver. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994)).
Because the instant motion seeks summary judgment, a different
standard applies.  *See, e.g., Harris v. Miss. Valley State Univ.*,
899 F. Supp. 1561, 1566 (N.D. Miss. 1995) ("Although motions to
dismiss and motions for summary judgment are interrelated and are
often asserted in the alternative, there are differences in the
legal standards applied under the two motions.").   Unlike a motion
to dismiss, which, with some exceptions, is decided only on the
contents of the complaint, in deciding this summary judgment motion
the court goes beyond the pleadings and considers summary judgment
evidence.

the ECO was within the sole discretion of Power Systems under the terms of the CBA.  AON Consulting, Inc. ("AON") administered the participants' benefits under the Plan.

In October 2001 Power Systems notified all CWA represented employees that it was closing the Mesquite facility.[2]  On February 28, 2002 AON notified Lee of his preliminary pension determination and that he would be entitled to discounted rather than full monthly retirement benefits because, although he was 50 years old, he had obtained only 29 years of service.  Lee's last day of work was March 14, 2002.

Lee sent a letter dated March 20 to Power Systems and CWA, advising them that he was invoking the ECO and would obtain 30 years of service on October 23, 2002, entitling him to full benefits thereafter.  He stated that

> [i]f either of you contends that [Lee] is not
> eligible or otherwise is not entitled to be,
> and/or will not be placed on the [ECO], then
> timely set out your contention in writing to
> me at my address hereon.  If nothing is
> forthcoming relative to your contention, it
> will be expected that [Lee] will be deemed
> placed in or on said [ECO] program.

D. App. 93.  On April 22, 2002 Lee wrote to AON, copying both Power Systems and CWA, advising AON that he had invoked the ECO and

---

[2]The plant closure is the subject of a prior opinion of this court.  *See Commc'n Workers of Am., AFL-CIO v. Tyco Power Sys., Inc.*, 2003 WL 22271904 (N.D. Tex. Sept. 2, 2003) (Fitzwater, J.), *aff'd*, 99 Fed. Appx. 499 (5th Cir. 2005) (per curiam) (unpublished opinion).

would await the expiration of the period until he was entitled to full benefits.   On July 31 Lee returned to AON the payment authorization form that had been appended to AON's initial preliminary pension determination.   He requested that pension payments begin November 1, 2002.

On October 2, 2002 AON notified Lee that, effective October 1, he would receive full retirement benefits.   On November 1, 2002 Lee received his first check for the full benefits amount.   On November 12, however, AON notified Lee that he had been paid an incorrect amount and that a revised calculation was being processed.   It explained that his request to delay receipt of benefits changed only his age at retirement, but it had not affected his years of service.   Two days later, on November 14, AON sent Lee a letter enclosing the revised calculation of his discounted (as opposed to full) monthly benefits.   In response, Lee wrote to Power System and CWA on December 17, objecting to the reduction in his monthly benefits.   He reminded them that, in his March 2002 letter, he had requested that they state in writing any objection to his entitlement to be enrolled in the ECO program, and that no objection had been made.

Lee later sued Power Systems for breach of contract.[3]   Power

---

[3]As explained in *Lee I*, although Lee begins the paragraph that alleges a cause of action by stating that he "alleges equitable estoppel" and that he "detrimentally relied" on Power Systems' representations, the court treats the complaint as alleging a breach of contract claim. *Lee I*, 393 F.Supp.2d at 431 n.6.  Lee

Systems moved to dismiss under Rule 12(b)(6), contending only that the claim was preempted by § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.   The court denied the motion.  *See Lee I*, 393 F.Supp.2d at 430.   Power Systems did not, however, raise the ERISA preemption argument that the court addresses in this opinion.   It now moves for summary judgment, contending that Lee's claim is preempted by both ERISA, 29 U.S.C. § 1144(a), and the LMRA, 29 U.S.C. § 185(a), and that his breach of contract claim fails because no valid contract existed between Power Systems and Lee.   The court need only decide whether Lee's action is preempted by ERISA and whether he can recover from Power Systems under ERISA.

II

As a threshold issue, the court addresses Lee's apparent contention that Power Systems has failed adequately to raise ERISA preemption.   He posits that Power Systems "now asserts an ERISA defense . . . , which defense is not supported by any pleading, to

---

also alleges that his March 2002 letter invoked a provision of the Plan entitled Transition Leave of Absence ("TLA").   2d Am. Compl. 2.   The TLA allowed employees to count leave time toward their years of service.   *See* D. App. 36-37.   The March 2002 letter, however, invoked only the ECO, not the TLA.   *Id.* at 93.   Because Lee contends the March 2002 letter constituted the offer that Power Systems accepted to form the alleged contract, the TLA was not part of the alleged contract.   *Id.* at 119.   Even if it were, Lee's contract claim would still be preempted under ERISA for the reasons explained below.   Additionally, as noted in *Lee I*, Lee originally sued Powers Systems for intentional infliction of emotional distress, but he dropped that claim in his second amended complaint.   *Lee I*, 393 F.Supp.2d at 430 n.1.

which Plaintiff objects." P. Br. 3.[4] Lee appears to maintain that, because Power Systems did not plead ERISA preemption as an affirmative defense, it cannot now raise the defense as a ground for summary judgment.

Conflict preemption under ERISA is an affirmative defense that must be pleaded affirmatively under Rule 8(c). *See Ellis v. Liberty Life Assur. Co. of Boston,* 394 F.3d 262, 275 n.34 (5th Cir. 2004) ("Conflict preemption . . . is an affirmative defense against claims that are not completely preempted under Section 1132(a)." (citing *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999)), *cert. denied*, __ U.S. __, 125 S.Ct. 2941 (2005); Rule 8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . any . . . matter constituting an avoidance or affirmative defense."). Power Systems does not contend that it pleaded ERISA preemption in its answer, as it was obligated to do under Rule 8(c). Rather, Power Systems maintains that it did not waive the defense because it raised ERISA preemption at a pragmatically sufficient time, and Lee was not prejudiced in his ability to respond. *See Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000) ("[An affirmative defense] will not

---

[4]Lee also argues that, if the defense is properly before the court, it fails on the same reasoning that the court relied on in *Lee I* to reject preemption under § 301 the LMRA. As the court explains in this opinion, *Lee I* was decided under a different standard, *see supra* note 1, and the court had no occasion to address ERISA preemption because it was not raised, *see supra* § I.

be deemed to have been waived so long as it was asserted at a
pragmatically sufficient time, and [the plaintiff] was not
prejudiced in its ability to respond.") (internal quotation marks
omitted and brackets altered) (quoting *United States v. Shanbaum*,
10 F.3d 305, 312 (5th Cir. 1994)).

The court holds that Power Systems did not waive its right to
raise the affirmative defense of ERISA preemption as a ground for
summary judgment.  First, Lee had ample time to respond to the
argument, even if raised for the first time in Power Systems'
summary judgment motion.  The local civil rules of this court gave
him a reasonable amount of time to oppose the defense on the
merits.[5]  And if he had needed additional time to respond, he could
have requested an extension of time under Rule 6(b) or sought
relief under Rule 56(f).

Second, on September 26, 2005, four months before Power
Systems filed its summary judgment motion, it advised Lee through
an interrogatory answer that it contended his claim was barred
under ERISA.  Lee does not contend that he is surprised by Power
Systems' reliance on the ERISA defense, and he would be unable to
sustain such an assertion were it made.  *Cf. Shanbaum*, 10 F.3d at
312 (holding that affirmative defense of res judicata was raised at
pragmatically sufficient time when presented for first time in

---

[5]In fact, under N.D. Tex. Civ. R. 7.1(e), he had more time (20
days) than is afforded by Rule 56(c) (10 days).

trial briefs filed same day as pretrial order and served on opponent before trial began).

Third, Lee does not assert that he has been prejudiced by Power Systems' failure to plead ERISA preemption as an affirmative defense. Such prejudice cannot be shown, of course, merely on the basis that Power Systems will be able to obtain dismissal of this case under this defense. Were that so, the pragmatically-sufficient-time standard would be nullified any time a defense, if allowed, would entitle the party raising it to prevail on the merits. Instead, prejudice requires at least a showing akin to what is necessary to refute the proposition that the defense was raised at a pragmatically sufficient time. For example, prejudice might be established by demonstrating that, had the defense been pleaded earlier, Lee could have taken steps to avoid the preemptive effect of the defense. This would often be the case when, had the defense been pleaded, the opposing party could have developed evidence that would have precluded summary judgment. But for reasons the court will explain below in addressing the merits of this defense, it does not appear that Lee could have avoided the preemptive effect of ERISA as to a claim against Power Systems even had the defense been pleaded affirmatively. ERISA preemption would still bar his contract claim, and Power Systems would not be a party from whom Lee could personally recover under ERISA.

Accordingly, the court holds that Power Systems is not

precluded from relying on ERISA preemption as a ground to obtain summary judgment.

### III

The court now turns to the merits of Power Systems' contention that it is entitled to summary judgment based on ERISA preemption.

### A

There are two types of ERISA preemption. *See Ellis*, 394 F.3d at 275 n.34 (discussing conflict and complete preemption in ERISA context). Conflict (or ordinary) preemption occurs (1) when there is a direct conflict between the operation of federal and state law so that it is impossible to comply with both, or (2) when the state law "'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress'" in the federal statute. *Boggs v. Boggs*, 520 U.S. 833, 844 (1997) (quoting *Gade v. Nat'l Mgmt. Ass'n*, 505 U.S. 88, 98 (1992)); *see Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372-73 (2000). "In general, complete preemption exists when a remedy falls within the scope of or is in direct conflict with [29 U.S.C. § 1132(a)], and therefore is within the jurisdiction of federal court." *Haynes v. Prudential Health Care*, 313 F.3d 330, 333 (5th Cir. 2002) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)).

It is clear that Power Systems asserts conflict preemption. First, it cites 29 U.S.C. § 1144(a), which provides for conflict preemption. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-47

- 9 -

(1987).   Second, the gravamen of Power Systems' argument is that
Lee's claim is preempted because it "relates to" an ERISA plan.
*See Carnes v. Data Return, LLC,* 2005 WL 265167, at *1 (N.D. Tex.
Feb. 1, 2005) (Fitzwater, J.).   "The 'relates to' standard for
ERISA preemption concerns [conflict] preemption, not complete
preemption."   *Id.* (citing *Copling v. Container Store, Inc.,* 174
F.3d 590, 595 n.9 (5th Cir. 1999), *overruled on other grounds by
Arana v. Ochsner Health Plan,* 338 F.3d 433, 440 (5th Cir. 2003) (en
banc)).

## B

ERISA is a "federal scheme designed to protect the
participants and beneficiaries of employee benefit plans."
*Hernandez v. Jobe Concrete Prods., Inc.,* 282 F.3d 360, 362 (5th
Cir. 2002).   ERISA includes "expansive pre-emption provisions"
designed to ensure that "employee benefit plan regulation would be
'exclusively a federal concern.'"   *Aetna Health, Inc. v. Davila,*
542 U.S. 200, 208 (2004) (quoting *Alessi v. Raybestos-Manhattan,
Inc.,* 451 U.S. 504, 523 (1981)).   29 U.S.C. § 1144(a) provides that
ERISA preempts "any and all State laws insofar as they may now or
hereafter relate to any employee benefit plan."   The Supreme Court
has broadly defined the phrase "relate to."   *Metro. Life Ins.,* 481
U.S. at 739.   The phrase is to be "given its broad common-sense
meaning, such that a state law relates to a benefit plan, in the
normal sense of the phrase, if it has a connection with or

reference to such a plan." *Id.* (internal quotation marks and brackets omitted) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 87 (1983)). The Fifth Circuit has further explained that § 1144(a) preempts state-law causes of action when the state-law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and the claim directly affects the relationship between the traditional ERISA entities——the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Hollis v. Provident Life & Accident Ins. Co.*, 259 F.3d 410, 414 (5th Cir. 2001).

> Nevertheless, ERISA preemption is not without limits. The Supreme Court has cautioned that some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law relates to the plan. The ultimate question is whether, if the appellant's claims were stripped of their link to the pension plans, they would cease to exist . . . . ERISA does not preempt state law claims when the claims affect only an employee's employer/employee relationship with an employer and not her administrator/beneficiary relationship with the company.

*Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129 (5th Cir. 1996) (internal quotation marks, brackets, footnotes, and citations omitted) (citing and quoting, *inter alia*, *Shaw*, 463 U.S. at 100 n.21; *Hook v. Morrison Milling Co.*, 38 F.3d 776, 784 (5th Cir. 1994)).

C

When the party who will have the burden of proof at trial concerning an affirmative defense seeks summary judgment on the basis of that defense, it "must establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that, to obtain summary judgment, Power Systems must establish beyond peradventure that Lee's claim is preempted by ERISA.

Power Systems contends the Plan is an ERISA plan that governs retirement benefits afforded to former employees, such as Lee. And it maintains that Lee's claim falls squarely within the domain that ERISA preempts, because his breach of contract action is in reality a complaint that Power Systems reduced his monthly pension benefits. It urges that Lee complaining about a miscalculation of pension benefits by AON, and that the formula on which he bases his calculation and breach of contract claim are rooted in the ERISA-governed plan. Lee does not explicitly disavow the premise that he seeks benefits under the terms of an ERISA plan.

This case is in principle materially indistinguishable from *Degan v. Ford Motor Co.*, 869 F.2d 893 (5th Cir. 1989), where the panel found ERISA preemption. Lee neither addresses nor distinguishes *Degan* in his summary judgment response. In *Degan* the

defendant-employer closed the facility where Degan was employed, preventing him from obtaining pension benefits because of his age. *Id.* at 891.  The employer offered the employees several options, including, *inter alia*, relocation out-of-state or lump-sum separation pay.  *Id.*  Degan maintained that his employer and union had orally advised him of a special benefits package available: If he took separation pay, he would still be eligible for early-retirement partial pension benefits at age 55 and then to full pension benefits at age 60.  *Id.*  When the employer later denied early-retirement benefits, Degan sued the employer and union in state court, alleging breach of contract and seeking both partial and full pension benefits that he alleged had previously been promised him by the employer and union.  *Id.*

Following removal, the employer argued that the plaintiff's claim was preempted under § 301 of the LMRA.  *Id.*  The district court held that the plaintiff was asserting a hybrid § 301 claim, applied the limitations under the National Labor Relations Act, and dismissed the suit as time-barred.  *Id.* at 892.  The Fifth Circuit affirmed, but on different grounds.  In pertinent part, it held that Degan's claim was preempted by, and not cognizable under, ERISA.  *Id.* at 895.  In the instant case, Lee alleges that Power Systems entered into a contract with him, albeit written instead of oral, that entitled him to full pension benefits under more favorable terms than were otherwise available under the terms of

- 13 -

the Plan.   The gravamen of his claim is like the one in *Degan*, which the panel held was preempted under ERISA.

Lee's legal theory rests on the premise that Power Systems contractually agreed to change benefits to which he was entitled under the Plan to a different class, i.e., full rather than discounted pension benefits.   The contract, assuming it existed, operated to alter or amend the terms of the Plan as applied to Lee, and his breach of contract claim is therefore preempted.   *See Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 946 (5th Cir. 1995) ("We have also held that ERISA preempts state law claims of fraud, breach of contract or negligent misrepresentation that have the effect of orally modifying the express terms of an ERISA plan and increasing plan benefits for participants or beneficiaries who claim to have been misled.") (citing *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990)). Moreover, the remedy he seeks is damages in the amount of the difference between full and discounted benefits.   This also demonstrates that his claim is preempted. *See, e.g., Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989) (holding that state-law breach of contract action related to employee benefit plan and was preempted by § 1144(a) because, if plaintiff's suit were successful, his damages would consist of pension benefits he would have received had he been employed by successor company and, to compute damages, court was required refer to pension plan that

covered plaintiff when he worked for former employer, and precise damages and benefits plaintiff sought were created by employee benefit plan); *Holdbrook v. Cal. Fed. Bank*, 905 F. Supp. 367, 370 (N.D. Tex. 1995) (Kendall, J.) ("[A] claim which seeks damages which are measured by pension benefits provides a sufficient 'connection' to an employee benefit plan for preemption purposes."). At its core, Lee's claim addresses an area of exclusive federal concern because he seeks to recover pension benefits under an ERISA plan. Lee does not dispute that he is a Plan beneficiary, that AON is the Plan Administrator, or that Power Systems is the Plan's sponsor.

In sum, because Lee's breach of contract claim addresses his alleged right to receive a certain sum of benefits under the terms of an ERISA plan—an area of exclusive federal concern—and it directly affects the relationship among traditional ERISA entities—Power Systems as the employer, AON as the Plan Administrator, and Lee as a Plan beneficiary—it is preempted by ERISA. *See Hollis*, 259 F.3d at 414; *cf. Rokohl*, 77 F.3d at 130 (allowing ERISA preemption would effectively permit defendant-employer to hide behind its ERISA plan in avoidance of state anti-discrimination law).

Accordingly, the court holds that Power Systems has established beyond peradventure that Lee's claim is conflict preempted by 29 U.S.C. § 1144(a).

IV

Having determined that Lee's claim is preempted, the court must now decide whether Lee can recover against Power Systems under ERISA.[6]

Power Systems contends that Lee's claim is barred by ERISA because he would be required to establish his entitlement to a different benefit amount and that AON miscalculated his benefits, a showing he cannot make; he sued the wrong entity, because he was required to sue the Plan itself; and he failed to timely file suit. Lee does not respond to these arguments.

29 U.S.C. § 1132(a) sets out the types of civil enforcement actions recognized under ERISA. Section 1132(a)(1)(B) allows a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." "When a [participant] wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under [§ 1132(a)(1)(B)] of ERISA . . . ." *McCall v.*

---

[6]Conflict preemption under ERISA, unlike complete preemption, does not confer federal question jurisdiction. *See, e.g., Carnes*, 2005 WL 265167, at *2 ("Ordinary preemption under § 1144 is not an exception to the well pleaded complaint rule, and a claim that is preempted by § 1144 alone cannot be removed from state court based on federal question jurisdiction."). Here, however, the court has subject matter jurisdiction based on diversity of citizenship. The court therefore has subject matter jurisdiction to decide whether Lee can recover against Power Systems under ERISA.

*Burlington N./Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000); *see also McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) (affirming ERISA preemption and construing state-law fraud claim for damages that amount to loss of retirement benefits as seeking relief under § 1132(a)(1)(B)). Lee's complaint seeks damages equal to past and future benefits allegedly owed to him under the Plan terms. Because he prays for relief specifically provided for by § 1132(a)(1)(B), his cause of action arises under this civil enforcement section.

Any claim under § 1132(a)(1) must be dismissed, however, because Lee has not sued the correct entity.[7] As Power Systems notes, district courts in this circuit,[8] including this court, *see Madera v. Corporate Solutions, Inc.*, 2004 WL 2494958, at *3 (N.D.

---

[7]It should be noted that Lee sued the party from whom he thought he could recover for breach of contract under state law. In concluding that he did not sue the correct entity, the court has of course first determined that his state-law claim is preempted under ERISA.

[8]Power Systems cites *Madera*, *Metropolitan Life Ins. Co. v. Palmer*, 238 F.Supp.2d 831 (E.D. Tex. 2002), and *Murphy v. Wal-Mart Assocs. Group Health Plan*, 928 F. Supp. 700, 708-710 (E.D. Tex. 1996). *See also Powell v. Eustis Eng'g Co.*, 2003 WL 22533650, at *2 (E.D. La. Nov. 6, 2003) (concluding that plan itself was only proper defendant in suit to recover benefits under § 1132(a)(1)(B)); *Blum v. Spectrum Rest. Group, Inc.*, 261 F.Supp.2d 697, 708-09 (E.D. Tex. 2003) (same), *aff'd*, 2005 WL 1865370 (5th Cir. Aug. 8, 2005) (per curiam) (unpublished opinion); *Roig v. Ltd. Long Term Disability Program*, 2000 WL 1146522, at *9 (E.D. La. Aug. 4, 2000) (same); and *Crawford v. Exxon Corp.*, 851 F. Supp. 242, 244 (M.D. La. 1994) (granting summary judgment "because ERISA only provides for suits against the Plan as an entity to recover benefits").

Tex. Nov. 4, 2004) (Lindsay, J.); *Holloway v. HECI Exploration Co. Employees' Profit Sharing Plan*, 76 B.R. 563, 570 (N.D. Tex. 1987) (Fitzwater, J.), *aff'd sub nom. In re HECI Exploration Co.*, 862 F.2d 513 (5th Cir. 1988), have held that only the plan is a proper defendant in a suit under § 1132(a)(1).  The Fifth Circuit has not decided this question, and the circuits are split.[9]  But those that have expanded the universe of proper defendants have included only parties that control the administration of the plan.  *See Bradley v. Summit Inst. for Pulmonary Med. & Rehab.*, 2005 WL 2219284, at *9 n.7 (W.D. La. Sept. 13, 2005) (observing that "[a]t the very least, as is required in other circuits, an employer must have sufficient discretionary authority over the plan to qualify as a plan fiduciary").[10]  Lee has not responded to this argument and, in particular, he does not contend there is a fact issue that Power Systems controls the administration of the Plan.  The record reflects that AON is the plan administrator.  Accordingly, the

---

[9]*Compare Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997) (observing that "[i]t is true that ERISA permits suits to recover benefits only against the plan as an entity."); *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993) (citing *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir. 1985) (per curiam), as authoritative); *Gelardi*, 761 F.2d 1323 (same) *with Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998) (noting that proper party against whom claim for ERISA benefits may be brought is party that controls administration of plan); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (per curiam) (same); *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir. 1994) (same); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988) (same).

[10]*See supra* note 9.

court need not decide whether the Plan is the only proper defendant in a suit to recover benefits under § 1132(a)(1), because, even if parties that control the administration of the plan can also be defendants, Power Systems does not control the Plan and therefore is not an entity that can be held liable under § 1132(a)(1).

Moreover, Lee cannot obtain relief from Power Systems for breach of fiduciary duty, even assuming that Power Systems were sued as, and determined to be, a fiduciary.  First, although § 1132(a)(2) provides a cause of action to participants for injuries caused by fiduciary duty violations under 29 U.S.C. § 1109, such claims can only be brought if they inure to the benefit of a plan as a whole but not to the benefit only of individual plan beneficiaries.  *See Matassarin v. Lynch*, 174 F.3d 549, 566 (5th Cir. 1999) (affirming summary judgment award on § 1132(a)(2) claim because most of plaintiff-employee's allegations concerned only her individual account) (citing, *inter alia*, *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 140-44 (1985)).  Lee seeks only to recover pension benefits allegedly owed to him and not to benefit the Plan as a whole.  Consequently, he cannot obtain relief under this provision of ERISA.

Second, although § 1132(a)(3) also allows a participant to sue a plan fiduciary for breach of fiduciary duty, Lee cannot bring such an action because he has a cognizable claim under § 1132(a)(1).  *See Musmeci v. Schwegmann Giant Super Mkts., Inc.*,

332 F.3d 339, 349 n.5 (5th Cir. 2003) (holding that § 1132(a)(3) claim is unavailable as a matter of law when § 1132(a)(1) remedy is available) (citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002)); *see also Stalls v. Liberty Fin. Cos.*, 1999 WL 134511, at *2-*3 (N.D. Tex. Nov. 8, 1999) (Fitzwater, J.) (holding that where relief is available under § 1132(a)(1)——even if claim is not viable——§ 1132(a)(3) claim fails).

The remaining provisions of § 1132(a) are inapposite, and Lee has no viable claim for relief under them. *See* 29 U.S.C. § 1132(a)(4) (providing relief for violations of ERISA reporting requirements); (a)(5)-(6) (providing relief to Secretary); (a)(7) (providing relief to states); (a)(8) (providing relief for violations of ERISA provision regulating multi-employer benefit plans); (a)(9) (providing relief where an annuity purchase results in violation of duties imposed by ERISA or plan).

The court concludes that, because ERISA preempts Lee's state-law claim and he cannot recover under ERISA, his suit must be dismissed.[11]

---

[11]The court need not reach the other grounds on which Power Systems relies in moving for summary judgment.

\*      \*      \*

The court grants Power Systems' January 27, 2006 motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED.**

June 20, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE